**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| NATASHA PROCTOR, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:25-cv-01532-AAQ |
| WILLA HAMER, *et al.*, | * | |
| Defendants. | * | |
| | * | |

**MEMORANDUM OPINION**

This is a case alleging a wide variety of disparate harms, including theft, "gang-stalking", placement on a government watch list, and attempted murder by a large number of federal and state officials and unserved private defendants.  Pending before the Court are Defendants' Motions to Dismiss.  ECF Nos. 35 and 45.  As Plaintiff is proceeding *pro se*, the Court has construed the complaint liberally.  *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).  For the reasons stated below, both sets of Defendants' Motions shall be granted.

Plaintiff Natasha Proctor initially filed her Complaint on May 12, 2025, alleging violations of the Foreign Intelligence Surveillance Act, illegal stalking and surveillance based on lies, attempted murder, defamation of character, and identity theft.  ECF No. 1, at 4, 7.  The Court granted her leave to proceed in forma pauperis.  ECF No. 6.  Her initial complaint specifically alleges:

> My house was being under surveillance.  All around my house, the[y] stalk me everywhere I go.  They invaded all [of] my privacy[:] my emails, postal mail[,] everything I own.  I have planes and drones overtop of my head every night.  I get shot in my head by V2K weapons all day long, no matter where I go.  My phone is tapped.  I have a list of names that is monitoring my email and I also have a list of everyone that plays a part in this gangstalking.  All my civil

1

> rights have been violated.  This is made up by lies someone spoke on your name.  I have the training manuels of how they operate its video.  I have proof of everything they do and how they operate.

ECF No. 1, at 6.  The original Complaint does not specifically allege who took each of the actions Plaintiff alleges above, but the Complaint names the Prince George's County Police Department, the U.S. Department of Justice, the Federal Bureau of Investigation, the Central Intelligence Agency, the National Security Agency, Willa Hamer, "Carpool Larry", Officer Hodge, and Officer Anglin.  *Id.* at 1-3.  Plaintiff attaches to her Complaint a list of the other entities which she alleges are involved in committing the actions above.  ECF No. 1-3.  These include, among others, the Supreme Court of the United States, the U.S. Department of Transportation, Catholic Charities USA, Foundry United Methodist Church, the Embassies of Micronesia and Bulgaria, the U.S. Department of Defense, and various private defense contractors, churches, and non-profit organizations.  *Id.*  Since Plaintiff filed her initial Complaint, she has filed three Supplemental Complaints, which include repetitions of the allegations above.  ECF Nos. 5, 7, and 17.  She also includes electronic mail correspondence from individuals promising to send her money if she provides her personal information.  ECF No. 7.

All Defendants that have been served have moved to dismiss arguing that Plaintiff has failed to state any cognizable claim.  *See* ECF No. 35-1, at 3 ("the Complaint is patently delusional and there are no particular allegations regarding any of these Defendants or any plausible claim against them."); ECF No. 45-1, at 6 ("Plaintiff's Complaint, attachments, and supplements fail to state any cogent cause of action against the Government Defendants, whether asserted under FISA, in tort, or otherwise.").  Plaintiff has responded, repeating her allegations above, and stating that all of the Defendants were involved in the actions alleged.  ECF No. 47.  Additionally, she alleges

2

that her personal information was broadcast over the radio, in tandem with a song by a well-known musical artist. *Id.* at 1.

Although the Court takes seriously its obligation to construe liberally *pro se* litigants' filings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), liberal construction does not give this Court the authority to ignore a clear failure to allege facts stating a plausible claim, *see Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious[.]"  "[F]rivolous complaints are [also] subject to dismissal pursuant to the inherent authority of the court." *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014).  A complaint is frivolous if it is "based on an indisputably meritless legal theory, but also . . . [when its] factual contentions are clearly baseless" such as those "describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  Even reading the Complaint with a high level of deference to Plaintiff, it is not plausible that all of the Defendants listed above have conspired to commit the broad range of acts Plaintiff alleges and causing the harms Plaintiff alleges.  Accordingly, for the reasons stated above, the Court shall grant Defendants' Motions to Dismiss.

A separate implementing Order follows.

Date:   July 15, 2026

_____/s/_____
Ajmel A. Quereshi
United States Magistrate Judge